STATE OF NORTH CAROLINA
v.
JERMAINE L. PURCELL.
No. COA07-268
Court of Appeals of North Carolina.
Filed October 2, 2007
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Anne M. Middleton, for the State.
Carol Ann Bauer, for defendant-appellant.
CALABRIA, Judge.
Jermaine L. Purcell ("defendant") appeals from a judgment entered upon a jury verdict finding him guilty of failing to comply with the sex offender registration law. We dismiss defendant's appeal.
Defendant was found guilty of failing to comply with sex offender registration law, a Class F felony. During the sentencing hearing, defendant asked the court to consider as a mitigating factor the fact defendant had a support system in the community. The State responded by noting, until the trial, defendant's family did not know where defendant was living, and defendant's mother had not allowed him to stay with her any longer because he refused to seek employment. The trial court found defendant's prior record placed him as a Level IV offender. As such, N.C. Gen. Stat. § 15A-1340.17 (2005) states the presumptive range for such an offender convicted of a Class F felony is 20-25 months. The trial court made no findings in aggravation or mitigation because the sentence imposed was 20-24 months, within the presumptive range. Specifically, defendant was sentenced to 20-24 months in the North Carolina Department of Correction.
Defendant's sole assignment of error on appeal is that the trial court erroneously failed to find a mitigating factor when determining his sentence. Defendant does not dispute that the sentence imposed by the trial court falls within the statutory presumptive range for his offense and prior record level. Because the trial court sentenced defendant within the presumptive range, defendant is not entitled to appeal this issue as a matter of right. N.C. Gen. Stat. § 15A-1444(a1). Further, N.C. Gen. Stat. § 15A-1444(a1) states a defendant may, however, "petition the appellate division for review of this issue by writ of certiorari." See State v. Hill, ___ N.C. App. ___, ___, 632 S.E.2d 777, 792 (2006) (holding that pursuant to N.C. Gen. Stat. § 15A-1444(a1) defendant found guilty by a jury had no right to appeal the trial court's failure to sentence him in the mitigated range). Consequently, this argument is not properly before the Court. Defendant's assignment of error is overruled and this appeal is dismissed. Dismissed.
Chief Judge MARTIN and Judge JACKSON concur.
Report per Rule 30(e).